*J. Hartridge Smith* and *R. F. C. Smith,* for plaintiff in error.

*H. B. Strange,* contra.

---

## LONG *v.* MITCHELL.

EVANS, J. The evidence introduced in behalf of the plaintiff sustained his contention that he had, through his factor, who had advanced the necessary funds and had taken his note therefor, paid to the defendant the purchase-money for a mule sold by him under an express warranty as to gentleness, and that there was a breach of the warranty. This being so, the granting of a nonsuit was clearly erroneous.

*Judgment reversed. All the Justices concur.*

Submitted July 18,—Decided November 16, 1906.

Action for breach of warranty. Before Judge Hodges. City court of Macon. September 2, 1905.

T. J. Long brought an action for damages for breach of warranty, against L. A. Mitchell, who, it was alleged, had sold to the plaintiff a mule, under a warranty that the animal was sound, gentle, and would work anywhere, when in fact the mule was vicious and could not be worked to the plow. The plaintiff stated in his petition that he paid $140 for the mule, through Holmes & Hardeman, who advanced the money to him as a loan. The defendant, in his answer, averred that, according to his understanding, the sale of the mule was to Holmes & Hardeman, not to the plaintiff. On the trial the plaintiff testified, that the mule would commence to kick whenever hitched to a plow, and was so vicious in this respect that he had to dispose of her, after the defendant had declined to refund the purchase-money or give him another mule which was gentle. Proof was submitted as to the amount of damage sustained. The testimony in regard to the purchase was in substance as follows: Long went to Mitchell (who was a stableman), and said he wanted to buy a gentle mule that would work anywhere. Mitchell selected a mule and told him that the mule was "gentle, sound and all right," and that he "would guarantee her anywhere." They agreed upon the purchase-price, $140. Long said he would take the mule, and would get Hardeman to send Mitchell the money. Mitchell said, "All right, take the mule and go on;" but

Long went off without the mule, to arrange with Hardeman for making payment of the price.     Hardeman consented to furnish Long with the money to buy the mule, and took his note for $140, and a mortgage on the mule.     Long then got the mule from Mitchell.     Hardeman testified: "Long gave me a purchase-money note for the mule.     He came and said he had traded with Mitchell, and I rung Mitchell up and says, 'You have sold one of my customers a mule,' and I says, 'If I pay cash for it, will you give me anything off?'     And he says, 'I will give you $10;' which was customary between warehousemen and stablemen.     The mule was $130, and I got a purchase-money note for it.     I only asked Mitchell, if I paid the bill, would he give me anything off, and he said he would give $10 off, and I says, 'Send around and I will send you check.'     Mitchell said he had sold Long a mule.     I may have put it this way: 'Long told me he had bought a mule, and if I pay the bill, will you allow me anything off?'     And he says, '$10;' and I says 'Send around and get a check for your money.'     As near as I can recollect, I said, 'This mule has been priced for $140; and if I pay you the money, do I get anything?'     And he says '$10.'     He sent me the bill, and I sent my check for $130.     I did not have any money in my hands at the time belonging to Mr. Long, and I did not owe Long anything.     The reason I paid this money to Mitchell is, I was in the warehouse business, and Long had been a customer of mine, and accustomed to borrowing money, and asked me would I pay the bill to Mitchell for the mule, and I says, 'I will.'     After I paid the bill I took Long's note for the money."     The bill was against "Holmes & Hardeman," and stated that it was for "one gray mare mule for T. J. Long, $130."     The court granted a nonsuit (upon what ground the record does not disclose), and the plaintiff excepted.

Cited by counsel: Civil Code, § 3641; Parsons on Contracts, 220; *Ga. R.* 44/133; 53/486; 71/533; 75/837.

*Hardeman & Moore,* for plaintiff.

*Hall & Wimberly,* for defendant.